***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEVELT FRANCOIS, | |
| Petitioner, | Civil Action No. 07-5371 (KSH) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**HAYDEN, District Judge:**

*Pro se* petitioner Levelt Francois ("Francois"), confined at a United States Penitentiary in Herlong, California, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging a sentence of 70 months' imprisonment imposed by this Court, based on his guilty plea to an Information charging conspiracy to distribute a controlled substance. *United States v. Francios*, No. 05-cr-0743, ECF No. 21 (D.N.J. entered Nov. 13, 2006). For the reasons stated below, the Court denies the Motion.

**I.     FACTUAL BACKGROUND**

The circumstances behind Francois's crime are not important here, because he does not challenge the validity of his guilty plea. In the written plea agreement, Francois agreed to plead guilty to "a one-count Information, which charges him with conspiring with others to distribute and possess with intent to distribute 5 kilograms or more of cocaine[.]" ECF No. 9-3 at 3. The agreement stipulated that "[t]he violation . . . to which Levelt Francois agrees to plead guilty carries . . . a mandatory minimum prison sentence of ten years[.]" *Id.* at 4. The parties agreed that the total guidelines offense level applicable to Francois is 33, which included a two-point reduction

for the acceptance of responsibility, and a one-point reduction for permitting the government to avoid trial. *Id.* at 8-9. The parties further agreed "not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein." *Id.* at 9. Additionally, Francois agreed to:

> voluntarily waive[], the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 33 . . . [except] the parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.

*Id.* at 9. At the plea hearing, the Court confirmed with Francois his desire to enter into the agreement in its entirety, and was satisfied that he entered into the agreement knowingly and voluntarily. *See* ECF No. 9-4 at 11-12.

The Presentence Report recommended an offense level of 31—lower than what the parties stipulated—based on the determination that Francois's criminal history established a criminal history category of III, resulting in a guidelines range of 135 to 168 months. ECF No. 9-5 at 2. The government filed a § 5k1.1 motion on behalf of Francois, arguing for a reduction of sentence due to his cooperation with the government that resulted in other convictions.[1] *Id.* at 7. Defense counsel also argued vigorously for a reduction of sentence based on Francois's diminished mental capacity and past cooperation with the government not addressed by the § 5k1.1 motion. *Id.* at 21-24. After considering the government's motion and the parties' arguments, the Court sentenced Francois to 70 months' imprisonment. ECF No. 9-6 at 5.

---

[1] A § 5k1.1 motion is a motion, under the United States Sentencing Guidelines, that the government may file with the court for downward departure in a criminal sentencing due to a defendant's substantial assistance to the government. *See* U.S. Sentencing Guidelines Manual § 5k1.1.

2

Despite having waived his appellate rights, Francois nevertheless filed an appeal, ECF No. 22, which the Third Circuit denied by invoking the appellate waiver, ECF No. 26. On November 7, 2007, Francois filed the instant motion.

## II. STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982), *cited in United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). "It is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug.26, 2013) (citing *Booth*, 432 F.3d at 545–46).

### III.   DISCUSSION

Francois raises five grounds for relief in the motion, that (I) his trial counsel erred by not disclosing the scope of his plea agreement to the Eastern District of Virginia in order to secure a concurrent sentence; (II) trial counsel erred by not calling witnesses at sentencing that would have established grounds for a more substantial downward departure of his sentence due to his cooperation with the government; (III) trial counsel erred in failing to incorporate his alleged diminished mental capacity status into the plea agreement, and failing to argue that his alleged diminished mental capacity warranted additional downward departures; (IV) trial counsel erred by allowing him to be sentenced under criminal history category III; and (V) his post-sentencing cooperation with the government requires the vacatur of his sentence.

**A.  Count I**

Francois argues in this claim that his trial counsel erred by failing to secure a concurrent sentence for him.  However, the Court has reviewed the record of the criminal proceedings in this Court, and nothing indicates that this Court ever contemplated a concurrent sentence.  Instead, in reviewing all of Francois's submissions, it would appear that Francois is referring to another criminal sentence that was imposed on him by the Eastern District of Virginia ("EDVA").  *See* ECF No. 1-1 at 11-12.  As such, Francois's challenge on this claim is not against the sentence imposed by this Court, but the sentence imposed by EDVA—indeed, the EDVA sentence was issued after the New Jersey sentence, so the topic of concurrence would only be relevant in that proceeding.  *See* ECF No. 1 at 11.  This Court has no jurisdiction to entertain such challenge; Francois must assert all claims against his EDVA sentence in that district.  *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence.") (emphasis added); *Williams v. United States*,

388 F. App'x 87, 88 (3d Cir. 2010) (holding that the district court did not have jurisdiction over a petitioner's claims that the West Virginia justice system violated his constitutional rights—"[Petitioner] does not . . . demonstrate how the New Jersey District Court has jurisdiction over his petition."). Accordingly, to the extent Count I asserts a claim against the sentence imposed by this Court, the Court denies relief without prejudice, as it is unrelated to that sentence.

### B. Counts II and III

In these claims, Francois argues that his trial counsel was ineffective because counsel failed to properly seek downward departures to his sentence that he was allegedly entitled to. Respondent contends that counsel could not have been ineffective because Francois had waived his right to seek downward departures in the plea agreement. The Court agrees with respondent.

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S.Ct. 1081, 1083 (2014) (per curiam). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*,

466 U.S. at 693.[2]  To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." *Hinton*, 134 S.Ct. at 1083.

The same two-part standard is applicable to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In the plea context, "counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 769 F.3d 831, 835 (3d Cir. 2014). The defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Jesus-Nunez*, 576 F. App'x 103, 106 (3d Cir. 2014) (quoting *Hill*, 474 U.S. at 59).

Here, as summarized in the background section above, Francois's plea agreement explicitly contained a clause that stated "[t]he parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein." ECF No. 9-3 at 9. Indeed, at the sentencing hearing, trial counsel acknowledged this clause, and conceded that he had no right to seek downward departure or variance. ECF No. 9-5 at 24. There is no allegation that the plea agreement itself was invalid,[3] so counsel could not have been ineffective for failure to seek legal claims that Francois knowingly and voluntarily waived his right to seek. *See United States*

---

[2]    The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

[3]    The Court does not construe Francois's allegation that counsel "failed to incorporate the defendant's diminished mental capacity status in the plea agreement" as contending that the plea agreement was invalid, or that he would not have agreed to the plea but for counsel's error. If Francois was so adamant about including his mental capacity status in the plea agreement, he could have simply insisted upon its inclusion before agreeing to the plea—as Francois confirmed at the plea hearing, no one forced him to enter into the agreement. *See* ECF No. 9-4 at 1.

*v. Shedrick*, 493 F.3d 292, 303 (3d Cir. 2007) (finding the defendant's ineffective assistance of counsel claim "a nonstarter" when the defendant had waived his right to assert the underlying substantive claim in a plea agreement).

Furthermore, in spite of the waiver clause, counsel still filed a motion for downward departure after the plea agreement had been entered, and requested that Francois be evaluated by a psychologist regarding his mental capacity. *See* Crim. Dk., ECF No. 17. Counsel also vigorously argued at sentencing that Francois should receive a below-guidelines sentence due to his purported diminished mental capacity. *See* ECF No. 9-5 at 21-22. The Court imposed a sentence roughly *half* of, or more precisely 65 months less than, the minimum sentence that was recommended by the guidelines and, based on the Court's authority in light of the § 5K1.1 motion, less than the *statutory* minimum. *See* ECF No. 9-6 at 4; 18 U.S.C. § 3553(e). No reasonable argument can be made that counsel provided ineffective assistance at sentencing. As such, the Court denies relief on Counts II and III with prejudice.

### C.  Count IV

Next, Francois argues that counsel erred when he stipulated in the plea agreement to a criminal history category of III, and then further erred when he agreed with the Court at sentencing to such, when in fact the criminal history category should have been II. In advance of the Presentence Report, there was no stipulation as to criminal history category.

The basis for Francois's argument is language in the presentence report that "[a]t the time the instant offense was committed, the defendant was on supervised release. Pursuant to U.S.S.G. § 4A1.1(d), two points are added." ECF No. 9-4 at 28. Relying on *United States v. Booker*, 543 U.S. 220 (2005), Francois contends that such calculation was erroneous, because "without probation violation hearing or an (sic) specific admission by the defendant at the plea hearing,

7

petitioner's criminal history category should have been II, not III." ECF No. 1-1 at 21. To the extent Francois is arguing that he did not admit to committing the instant offense, it is clearly contradicted by the record. At the plea hearing, the following colloquy occurred between the Court and Francois:

>**Court**: Are you pleading guilty of your own free will because you are guilty?
>
>**Francois**: Yes.
>
>**Court**: Do you understand that you are pleading guilty to a felony and if I accept this plea you will be adjudged guilty of the offense. And that it may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of a firearm?
>
>**Francois**: Yes, I do.

ECF No. 9-4 at 1. The Court then questioned Francois with regard to the factual bases establishing the elements of the offense, all of which he admitted to. *Id.* at 9-10. As such, there is no doubt Francois admitted to factual guilt regarding the instant offense.

To the extent Francois is challenging the finding that he was on supervised release at the time of the instant offense, that fact does not require admission from Francois. Although *Booker* held that, generally, any facts used to enhance a sentence beyond the maximum authorized must be established by plea or a jury verdict, that requirement is not applicable to facts relating to a prior conviction.[4] *See* 543 U.S. at 244; *United States v. Jimenez-Cohenete*, 206 F. App'x 224, 225 (3d Cir. 2006) ("[F]acts regarding prior convictions need not be charged in an indictment, nor proven to a jury beyond a reasonable doubt.") (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998)). Furthermore, *Booker*'s holding was only applicable because at the time, the

---

[4] Also, *Booker* is only applicable when a court imposes a sentence *exceeding the maximum authorized*, *see* 543 U.S. at 244, which this Court *did not* impose on Francois; indeed, as noted above, this Court imposed a sentence below the statutory *minimum*.

8

Sentencing Guidelines were mandatory. Now the Guidelines are advisory, "the Sixth Amendment is not offended by judicial fact-finding." *United States v. Pinkerman*, 271 F. App'x 118, 119 (3d Cir. 2007); *see United States v. Grier*, 475 F.3d 556, 565 (3d Cir. 2007) ("Post-*Booker*, the punishment chosen by Congress . . . determines the statutory maximum for a crime . . . [and] the judge may impose a sentence anywhere under that maximum without jury determinations and proof beyond a reasonable doubt.").[5] Therefore, Francois cannot establish that trial counsel was ineffective in agreeing with a criminal history category of III, because he does not show that the criminal history category calculation was factually incorrect or offended the Constitution. *See United States v. Tiggett*, 421 F. App'x 253, 256 (3d Cir. 2011) (finding no ineffective assistance of counsel when the defendant's criminal history score was calculated correctly). Accordingly, the Court denies relief on Count IV with prejudice.

### D. Count V

Finally, Francois argues that his sentence should be vacated because of his alleged post-conviction cooperation with the government. Section 2255 requires a prisoner's habeas challenge be claims of "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. In other words, a petitioner must raise claims that challenge the very fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Dickerson v. Diguglielmo*, 306 F. App'x 707, 708 (2009). Habeas claims may

---

[5] At the time of Francois's plea and sentencing, the Guidelines were already advisory. *See* ECF No. 9-4 at 3.

encompass matters relating to the execution of a petitioner's sentence. *Kenney v. Warden Lewisburg USP*, 591 F. App'x 45, 47 (3d Cir. 2014).

The Court construes Francois's claim as stating that his federal rights were violated when the government did not file a motion under the Federal Rule of Criminal Procedure 35 for a reduction of sentence, in light of his post-conviction cooperation with the government. The threshold question is whether Francois's claim is cognizable under § 2255. Courts are divided on this issue. *Compare Boccio v. United States*, No. 05-0179, 2006 WL 4761060, at *4 (M.D. Fla. Oct. 20, 2006) (holding that the government's breach of promise to file a Rule 35 motion is not cognizable under § 2255), *and Mella v. United States*, No. 94-4210, 1995 WL 350926, at *3 (S.D.N.Y. June 9, 1995) (holding that the petitioner's habeas challenge under Rule 35 was "not a challenge to the constitutionality or legality of his sentence, nor to the jurisdiction of this court in imposing that sentence," and as such, was not cognizable under § 2255), *with United States v. Taylor*, 385 F. App'x 584, 586 (7th Cir. 2010) (holding that a petitioner's own motion for reduction of sentence, while not permitted under Rule 35, nevertheless falls within the subject-matter jurisdiction of § 2255, because "the motion, no matter the label, constituted a collateral attack on his sentence"). For the purposes of this opinion, the Court will assume, without deciding, that it has subject-matter jurisdiction over Francois's claim.

Having presumed jurisdiction, the next question the Court must answer is whether Francois is entitled, under federal law, to Rule 35 relief. Because Rule 35 motions must be filed by the government, *see* Fed. R. Crim. P. 35(b), most of the cases that address the government's failure to file such a motion involve an allegation that the government breached a promise or agreement to do so. *See, e.g., Austin v. United States*, No. 11-0598, 2015 WL 892446, at *5 (M.D.N.C. Mar. 2, 2015) (allegation of oral agreement with the government); *United States v. Peterson*, No. 13-0609,

2014 WL 1871911, at *2 (N.D. Fla. May 8, 2014) (allegation of promise); *United States v. Krause*, No. 10-0195, 2013 WL 104908, at *3 (D. Minn. Jan. 9, 2013) (same).  Here, Francois makes no allegation that the government had made a promise or agreement with him in exchange for his alleged post-conviction cooperation.  As such, the operative issue is whether Francois has an independent right to Rule 35 relief simply because he allegedly provided substantial assistance to the government, even though the government had not agreed to file a Rule 35 motion.  The Court finds that he does not have such a right.

The Court finds the Supreme Court decision addressing § 5k1.1 departure motions applicable here.  In *Wade v. United States*, the Supreme Court held that "the condition limiting the court's authority [to grant § 5k1.1 departure only upon a Government's motion] gives the Government a power, *not a duty*, to file a motion when a defendant has substantially assisted." 504 U.S. 181, 185 (1992) (emphasis added).  "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing."  *Id.* at 186.  The Supreme Court went on to hold that a district court may override the government's discretion in refusing to file a § 5k1.1 motion only when the government's refusal was based on an unconstitutional motive, such as racial discrimination.  *Id.* at 185.

Rule 35 similarly requires that a motion be filed by the government only, and Francois has not alleged that the government refused to file a Rule 35 motion based on an unconstitutional motive; indeed, there is no allegation that he had asked the government to file a motion at all, let alone that he was refused for any reason.  Nor does he allege that he had an agreement with the government which obligated the government to file such a motion.  The Court is without authority to grant relief under Rule 35, and denies Francois's claim under Count V with prejudice.  *See United States v. Abuhouran*, 161 F.3d 206, 212 (3d Cir. 1998) (finding that the district court was

without authority to grant relief under § 5k1.1 when the defendant had not alleged that the government refused to file such a motion due to an unconstitutional motive or bad faith).

### E. Certificate of Appealability

Last, the Court denies a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV.   CONCLUSION

For the reasons set forth above, Petitioner's Motion is DENIED and the Court denies a certificate of appealability.[6]

    s/ Katharine S. Hayden
**Katharine S. Hayden, U.S.D.J.**

Dated: January 24, 2017

---

[6] Because the Court is denying the motion, Francois's application for a *Wade* hearing, ECF No. 12, application for an emergency hearing, ECF No. 16, and motion to expedite the disposition of the pending *Wade* motion, ECF No. 17, are dismissed as moot.